IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **LIQUID PROPERTY GROUP, LLC** §<br>*Plaintiff,* §<br> §<br>v. §<br> §<br> §<br>**ORIGIN BANK,** §<br>*Defendant.* §<br> § | <br><br><br><br><br><br>Civil Case No.: 23-566 |

## LIQUID PROPERTY GROUP, LLC'S APPLICATION FOR WRIT OF GARNISHMENT AFTER JUDGMENT

**To the Honorable Judge of this Court:**

COMES NOW, Liquid Property Group, LLC, Garnishor, by and through its attorneys, complaining of Origin Bank, and for cause of action files this Application for Writ of Garnishment and states to the court the following:

### I. PARTIES

1. Garnishor is Liquid Property Group, LLC, who hereby applies for a Writ of Garnishment after judgment.

2. Garnishee is Origin Bank, a Louisiana Financial Institution registered to do business in the State of Texas, who may be served by serving its registered agent, Tina Ogle, at 3838 Oak Lawn Avenue, Suite P100, Dallas, TX 75219.

3. Debtors are Aaron Mulvey and Carolyn Mulvey, who may be served at 30625 Holstein Rd, Bulverde, TX 78163-2342.

### II. FACTS

4. Garnishor has a valid, subsisting judgment against Debtors.

5. That Judgment was entered on the 25th of April, 2023, in Cause No. 5:21-CV-01210-HJB. See Exhibit "A".

6. Garnishor was awarded attorney fees against Debtors, jointly and severally in the amount of $88,359.31. Debtors were awarded attorney fees against Garnishor in the amount of $43,385.00.

7. The requested Writ is limited to $44,974.31, being the present net amount of the judgment (Garnishor was awarded attorney fees in the amount of $88,359.31 minus Debtors' awarded attorney fees in the amount of $43,385.00).

8. Garnishor has reason to believe and does believe that Garnishee has property belonging to Debtor or is indebted to Debtor. Within Garnishor's knowledge, Debtor does not possess property within the state that is subject to execution and that is sufficient to satisfy the judgment.

9. This garnishment is not brought to injure either Debtor or Garnishee.

### III. ARGUMENT

10. Garnishment is available after judgment only if the following conditions exist: (1) The creditor has a valid and subsisting judgment against the debtor. Tex. Civ. Prac. & Rem. Code Ann. § 63.001(3); (2) The debtor has not filed an approved supersedeas bond to suspend execution on the judgment. Tex. R. Civ. P. 657; and (3) The creditor swears that, to his knowledge, the judgment debtor does not have in his possession in Texas sufficient property subject to execution to satisfy the judgment. Tex. Civ. Prac. & Rem. Code Ann. § 63.001(2)(B).

11. Rule 69(a)(1) directs the court to look to state law when enforcing a money judgment. *Billiouri* v. *Wells Fargo Bank, N.A.*, No. 3:15-CV-2664-L, 2022 WL 2992880, at *3 (N.D. Tex.

July 28, 2022); See, also, *Af-Cap, Inc.* v. *Republic of Congo*, 462 F.3d 417, 423 (5th Cir. 2006) (Garnishment actions are governed by state law to the extent it does not conflict with federal law).

12. The only court having subject matter jurisdiction over an application for a writ of garnishment was the court that issued judgment sought to be satisfied through garnishment; garnishment proceeding was ancillary to and part of the original action in which judgment seeking to be satisfied was entered. *First State Bank Central Texas* v. *Lakeway Regional Medical Center Development, LLC* (App. 3 Dist. 2014) 2014 WL 709221, Unreported, petition for review filed, review denied, rehearing of petition for review filed, rehearing of petition for review denied; See *Park* v. *Western Union Fin. Servs.*, No. 03–08–00292–CV, 2009 WL 3486373, at *2 (Tex.App.-Austin Oct.30, 2009, no pet.) (mem.op.) ("Only the court in which the original suit was brought has subject-matter jurisdiction over the garnishment action.") (citing *King & King* v. *Porter*, 113 Tex. 198, 252 S.W. 1022, 1022 (Tex.1923)); see also *In re General Motors Acceptance Corp.*, No. 13–08–00474–CV, 2008 WL 4822227, at *3 (Tex.App.-Corpus Christi Nov.3, 2008, orig. proceeding) (mem.op.) (garnishment proceeding can be brought only in court in which original suit was filed); *Baca* v. *Hoover, Bax & Shearer*, 823 S.W.2d 734, 738 (Tex.App.-Houston [14th Dist.] 1992, writ denied) (garnishment action is not original suit, but ancillary proceeding that takes its jurisdiction from underlying suit).

13. Pursuant to the rule, a judgment, whether based on a liquidated or unliquidated demand, is considered final and subsisting for the purpose of garnishment from and after the date it is signed, unless a supersedeas bond has been approved and filed. Tex. R. Civ. P. 657;

*Thompson* v. *Harco Nat. Ins. Co.*, 997 S.W.2d 607 (Tex. App. Dallas 1998) (disapproved of on other grounds by, *John* v. *Marshall Health Services, Inc.*, 58 S.W.3d 738 (Tex. 2001)); *Anderson* v. *Lykes*, 761 S.W.2d 831 (Tex. App. Dallas 1988).

14. The judgment creditor is not required to serve the judgment debtor until after the writ has been served on the garnishee. Tex. R. Civ. P. 663a

15. A court order is required to authorize issuance of a Writ of Garnishment, and it may be issued ex parte. Tex. R. Civ. P. 658. If issued ex parte, the judge in his order must make specific findings of fact. *Id.* Section 63.001 requires neither <u>notice</u> nor a <u>hearing</u> before the court issues an Order for Issuance of Writ of Garnishment <u>post-judgment</u>. Tex. Civ. Prac. & Rem. Code Ann. § 63.001 (emphasis added); Tex. R. Civ. P. 657-658.

## IV.  AFFIDAVIT

16. Garnishor is entitled to the issuance of a Writ of Garnishment on the grounds stated in the attached affidavit which is found in Exhibit "B", which affidavit is incorporated herein by reference.

## V. CONCLUSION

17. The Court should order the issuance of a writ of garnishment immediately and without hearing for the reasons stated in this Application for Writ of Garnishment.

## PRAYER

Garnishor prays that a Writ of Garnishment be issued immediately and without hearing for the present net amount of the award of attorney's fees in the judgment, together with all interest and all costs of the suit in the original case and in this garnishment proceeding, and for such other and further relief to which Garnishor may be justly entitled.

Respectfully submitted,

Texas Landowner Law Firm, PLLC
1910 Pacific Avenue, Suite 5020
Dallas, Texas  75201
Telephone: (469) 833-3380

By: */s/ Dakota J. Wrinkle*
Dakota J. Wrinkle
State Bar No. 24118592
dakota@texaslandownerfirm.com
Attorney for Garnishor


Bayne, Snell & Krause
1250 N.E. Loop 410, Suite 725
San Antonio, Texas  78209
Telephone: (210) 824-3278
Telecopier: (210) 824-3937

By: */s/ Barry Snell*
Barry Snell
State Bar No. 1878900
bsnell@bsklaw.com
Attorney for Garnishor